**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC MALONEY,

        Plaintiff,

v.                                    CASE NO. 07-10582
                                      HON. LAWRENCE P. ZATKOFF

STATE OF MICHIGAN and
JOAN E. YOUNG.

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)**

**I. INTRODUCTION**

Plaintiff Eric Maloney filed his *pro se* Complaint on February 8, 2007. In his Complaint, Plaintiff states that Defendant Joan Young, as a Michigan Circuit Court Judge, has deprived him of his parental rights without due process of law and denied him equal protection of the law. Additionally, Plaintiff includes a claim that his First Amendment rights were violated. Currently before the Court is Plaintiff's request to proceed without prepayment of fees. Plaintiff's request to proceed without prepayment of fees is GRANTED; however, the Court will DISMISS Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**II. BACKGROUND**

Plaintiff is the father of Liam Maloney, who is the subject of a custody dispute between Plaintiff and his ex-wife. Following three months of custody proceedings and an eleven day trial, Plaintiff alleges that Defendant Young terminated his parental rights without due process by granting his ex-wife sole custody of their son and allowing her to move "some 3000 miles for a part time job

away from the Michigan home of the Plaintiff." *See* Pl.'s Compl. (internal quotations omitted). Plaintiff also alleges that Defendant Young's decision was tainted by a prejudice towards men, which constitutes a violation of Equal Protection. As a result of the custody proceedings, Plaintiff alleges that he was forced to file for bankruptcy, lost his job, and is facing a foreclosure on his home. Plaintiff is seeking equitable relief and damages of $1,500,000.

### III. ANALYSIS

**A. Plaintiff's Request to Proceed without Prepayment of Fees**

Plaintiff has filed a motion to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied with a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See Gibson*, 915 F.2d at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed without prepayment of fees.

**B. Dismissal Under § 1915(e)(2)**

Once a complaint is filed *in forma pauperis* under § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss" the case at any time if the court finds that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915 if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (stating that complaints can be dismissed as frivolous "only when the claim is based on an indisputably meritless legal theory, or where the complaint's factual contentions are clearly baseless."). The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Moreover, although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed. Appx. 573, 574 (6th Cir. 2003) (citations omitted). Finally, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be

granted. Plaintiff has not asserted that his parental rights have been terminated but merely that he does not have custody of his son. Furthermore, Plaintiff does not allege facts indicating Defendant treated him unfairly because of he is a man. Finally, Plaintiff does not include any allegations describing how his right to petition the government for a redress of his grievances has been denied. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). *See Schied*, at 436; *see Hendrock*, at 574. Because the Court has no discretion to allow the Plaintiff to amend his Complaint under § 1915(e), the Court must dismiss Plaintiff's Complaint for failing to state a claim upon which relief can be granted. *See McGore*, at 612.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 20, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290